*Crittenden* for plaintiff.

---

COVENANT.

# *Townsend vs. Burgher.*

Case 37.

Appeal from the Estill Circuit; GEORGE SHANNON, Judge.

*Bank note contracts.    Statutes.    Petition and summons.*

May 1.

Judge MILLS, delivered the Opinion of the Court.

Covenant for the hire of a slave, in bank notes, and to clothe and return the slave &c.

THE plaintiff below sued the defendant, in covenant, on a writing dated 12th March, 1825, stipulating the payment at different times, two certain sums, both to be paid in "*Commonwealth's money.*" The same instrument further expresses, that this payment was for the hire of two slaves; and adds the stipulations that the defendant shall use the slaves with moderation, shall clothe and feed them well, and return them at the expiration of the term of hire.

Declaration for the non-payment of the bank notes.

The plaintiff assigned breach only in the failure to pay the stipulated hire, and failed to assign any breach on any of the remaining stipulations in the instrument. The plaintiff endorsed on his declaration a willingness to accept paper of the Bank of the Commonwealth, according to the act of assembly which allows a recovery of that currency in kind. The defendant at the time offered proof of the value of the paper when it became due, in currency of the United States.

Contracts for the payment of Bank notes, including within them other stipulations, are not within the act authorizing the recovery of Bank notes in kind.

The defendant objected to this proof. So that the question arose whether this contract comes within the act which allows a recovery of bank paper in kind, or whether it must be scaled. The court decided for plaintiff, and defendant has prosecuted this writ of error.

We conceive that the contract is not within the act.

Notwithstanding the plaintiff has waived all other breaches which might have been assigned, and

has gone for the failure to pay the stipulated sum, yet we cannot conceive that he has brought his covenant within the act. It is clear that breaches might have been assigned for a failure in the remaining stipulations, and all be tried in the same action with the failure to pay the hire. It is equally clear, that in such action, the plaintiff could not recover the hire in bank paper, and damages in gold or silver for other breaches, and present the anomaly of a mongrel verdict and judgment—part in bank paper and part in specie; and that he could not liquidate the remaining breaches in bank paper. In that case the contract would be without the act, yet in this case the plaintiff contends that it comes within it, at his election, without consulting his adversary. We conceive it was not contemplated by the legislature to bring some contracts part within the act, and leave part without; or that they intended that the courts should give two judgments, instead of one, on the same action, or should render one judgment and direct a portion of it to be discharged in paper and a portion in gold or silver coin; or that a contract should, in one mode of proceeding, be within the act, and in another mode be without. It is true the plaintiff has his election, to go for the paper, or to scale it, in contracts within the act; but to give him this election, it must apply to the entire contract or to no part of it. The act expresses, "any contract for the payment of notes of the Bank of Kentucky or of the Commonwealth, or for the payment of the current paper of the state." These expressions must be construed exclusive of other contracts including within them other stipulations, the breaches of which could not be recovered in bank paper.

This accords with the construction of the act regulating and authorizing proceedings by summons and petition, as given by this court. A note for the direct payment of money, has been held not to include notes for the direct payment of money and for other things therein stipulated.

Judgment is reversed, with costs; and verdict set aside, and cause remanded for new proceedings, not inconsistent with this opinion.

*Caperton* for appellants; *Turner* for appellee.

*Margin notes:*

TOWNSEND vs. BURGHER.

Like construction of the act allowing the action by petition and summons on obligations for the direct payment of money.